EXHIBIT D

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | | FOR COURT USE ONLY |
|---|---|---|---|
| Douglas C. Straus (SBN: 96301) / Randall L. Manvitz (SBN: 224598) <br> 425 Market St., Ste. 2900 <br> San Francisco, CA 94105 | | | **Electronically Filed <br> by Superior Court of CA, <br> County of Santa Clara, <br> on 1/6/2023 1:47 PM <br> Reviewed By: B. Roman-Antunez <br> Case #23CV409641 <br> Envelope: 10867081** |
| TELEPHONE NO.: 415.227.0900 | FAX NO. *(Optional):* 415.227.0770 | | |
| E-MAIL ADDRESS: dstraus@buchalter.com / rmanvitz@buchalter.com | | | |
| ATTORNEY FOR *(Name):* California Waste Solutions, Inc. | | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SANTA CLARA** | | | |
| STREET ADDRESS: 191 North First Street | | | |
| MAILING ADDRESS: 191 North First Street | | | |
| CITY AND ZIP CODE: San Jose, CA 95113 | | | |
| BRANCH NAME: Downtown Superior Court | | | |
| CASE NAME: California Waste Solutions, Inc. v. City of San Jose, et al. | | | |
| **CIVIL CASE COVER SHEET** <br> ☒ Unlimited ☐ Limited <br> (Amount (Amount <br> demanded demanded is <br> exceeds $25,000) $25,000) | **Complex Case Designation** <br> ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | CASE NUMBER: <br> 23CV409641 <br> JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 6, 2023

Randall Manvitz
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courts.ca.gov |
|---|---|---|

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

1    NORA FRIMANN, City Attorney (93249)
     ARDELL JOHNSON, Assistant City Attorney (95340)
2    ELISA T. TOLENTINO, Chief Deputy City Attorney (245962)
     NANA KNIGHT, Sr. Deputy City Attorney (266719)
3    Office of the City Attorney
     200 East Santa Clara Street, 16th Floor
4    San José, California 95113-1905
     Telephone Number: (408) 535-1900
5    Facsimile Number: (408) 998-3131
     E-Mail Address: cao.main@sanjoseca.gov
6

7    Attorneys for CITY OF SAN JOSE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| CALIFORNIA WASTE SOLUTIONS, INC., | Case Number: 23cv409641 |
|---|---|
| Plaintiff, | **CITY OF SAN JOSE'S ANSWER TO COMPLAINT** |
| v. | |
| CITY OF SAN JOSE, and DOES 1 to 50, inclusive, | **[Exempt from filing fees, per Gov. Code §6103]** |
| Defendants. | |

Defendant CITY OF SAN JOSE (hereinafter "City") answers Plaintiff CALIFORNIA WASTE SOLUTIONS, INC.'s unverified Complaint (hereinafter "Complaint") and answers as follows:

**GENERAL DENIAL**

Pursuant to section 431.30 of the California Code of Civil Procedure, defendant City of San José denies each and every, all and singular, generally and specifically, the allegations contained in the Complaint. Defendant further denies that plaintiff has been damaged in any sum or sums, or otherwise, by reason of any act or omission of this defendant.

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that the law places on Defendant, City of San Jose alleges the following as further and separate additional and/or affirmative defenses and arguments:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and each cause of action purportedly stated therein, fails to allege facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint exceeds the scope of the claims, if any, presented to the City pursuant to Government Code §§ 905, *et seq*. The Complaint, and each cause of action therein alleged, is barred by Plaintiff's failure to comply with the applicable requirements for presentation of claims against a local public entity and/or claims against public employees set forth in Title 1, Division 3.6, Part 3 and Part 4 in the California Government Code. The Complaint and allegations therein are time-barred pursuant to the California Government Claims Act.

### THIRD AFFIRMATIVE DEFENSE

Applicable statutes of limitation including, but not limited to, sections 335.1, 338 and 342 in the Code of Civil Procedure, and sections 911.2 and 945.6 in the Government Code bar Plaintiff's Complaint and each cause of action therein alleged.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived and/or is estopped to bring the claims alleged in its Complaint because Defendants have relied on Plaintiff's contractual commitments and failure to timely challenge the Defendant's implementation of the contract.

### FIFTH DEFENSE

Defendant is entitled to immunity from liability to Plaintiff by virtue of the affirmative defenses and provisions of Government Code §§ 800 through 1000 and any applicable state and/or federal law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and the causes of action purportedly stated therein, is barred by the doctrine of unclean hands. Plaintiff participated in and contributed to the performance and implementation of the contract. The allegations regarding the actions and resulting charges and alleged breaches Plaintiff now disputes in their Complaint have no legal basis.

## SEVENTH AFFIRMATIVE DEFENSE

The doctrine of laches bars Plaintiff's Complaint and each cause of action purportedly alleged therein in that Defendants relied on Plaintiff to perform its separate contractual obligations under the contract.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right it may have had to recovery and/or judgment.

## NINTH AFFIRMATIVE DEFENSE

Any loss, injury, damage or detriment, if any, suffered or sustained by Plaintiff was directly and proximately caused and contributed to by Plaintiff's assumption of the risks and costs of the activities in which Plaintiff was engaged at the time and place referred to in Plaintiff's Complaint of which Plaintiff had full knowledge and understanding, and that said assumption of the risks and costs bars Plaintiff's recovery.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action for alleged violations of California's Unfair Competition Law ("UCL") California Business and Professions Code §17200, et. seq. in that the City is not within the statutory definition of entities which can be sued under the UCL.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred because all acts affecting the terms and/or conditions of Plaintiff's contract with the City were done in good faith and

motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each of its causes of action are barred by Plaintiff's failure to exhaust its administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

The conclusory nature of Plaintiff's allegations has made it impossible for this answering Defendant to plead all affirmative defenses that may apply, as such, this answering Defendant reserves the right to amend its answer at a later time.

### FIFTEENTH AFFIRMATIVE DEFENSE

The conclusory nature of Plaintiff's allegations has made it impossible for the City to plead all affirmative defenses that may apply and, as such, the City reserves the right to amend its answer at a later time.

WHEREFORE, the City prays for judgment:

1. That judgment be rendered in favor of the City and against Plaintiff,
2. That Plaintiff take nothing by the allegations of its Complaint;
3. That the City be awarded its costs of suit and attorney's fees; and
4. For such other and further relief as this Court may deem just and proper.

Dated: April 5, 2023

Respectfully submitted,

NORA FRIMANN, City Attorney

By: _/s/ Nana Knight_
NANA KNIGHT
Sr. Deputy City Attorney

Attorneys for CITY OF SAN JOSE

**PROOF OF SERVICE**

CASE NAME: California Waste Solutions, Inc., v. City of San Jose, et al.,

CASE NO.: 23-cv409641

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On April 5, 2023, I caused to be served the within:

**CITY OF SAN JOSE'S ANSWER TO COMPLAINT**

☐ by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ by ELECTRONIC SERVICE listed below, transmitted using the One Legal Process Service electronic filing system. The document(s) listed above was/were electronically served to the electronic address(es) below

☐ by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on March 15, 2023, before 5:00 p.m., and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

| | |
|---|---|
| Buchalter<br>Douglas C. Straus<br>Randall Manvitz<br>425 Market Street, Suite 2900<br>San Francisco CA 94105<br>Tel: (415) 227-0900<br>Fax: (415) 227-0770<br>Email: dstraus@bchalter.com<br>        rmanvitz@buchalter.com | Attorneys for Plaintiff, California Waste Solutions Inc. |

| | |
|---|---|
| 1 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 5, 2023, at San Jose, California. |
| 2 | |
| 3 | /s/ *Yolanda Singletary*<br>Yolanda Singletary |