SUANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
ELISA T. TOLENTINO, Chief Deputy City Attorney (245962)
NICHOLAS SYMPSON, Sr. Deputy City Attorney (295535)
THOMAS J. GRAY, Sr. Deputy City Attorney (191411)
STEPHANIE DAVIN, Deputy City Attorney (307911)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA WASTE SOLUTIONS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, and DOES 1 to 50, inclusive,<br><br>　　　　　Defendants. | Case Number:  3:23-cv-01647-MMC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE:　　December 12, 2025<br>TIME:　　9:00 a.m<br>DEPT:　　Courtroom 7, 19th Floor<br>JUDGE:　　Hon. Maxine M. Chesney |

## NOTICE OF MOTION

Defendant City of San Jose ("the City) brought a Motion for Summary Judgment or in the Alternative, Partial Summary Judgment (the "Motion"). The Motion was heard on December 12, 2025. Based on the filings submitted by the Parties and the arguments made at the hearing, the Court finds that Plaintiff's first and second cause of action for breach of contract and breach of implied covenant of good faith and fair dealing, respectively, are time-barred under the California Government Claims Act. Before filing a lawsuit for Plaintiff's first and second causes of action, Plaintiff was required to present a claim to the City within one year of the accrual of these cause of action. *See* Cal. Gov't Code § 911.2(a). Plaintiff did not present a claim until June 28, 2022, 363 days after the expiration of the contract at issue in this case. Therefore, only claims that accrued between June 28, 2021 and June 30, 2021 are viable. There is no evidence of any breach of contract or breach of implied covenant of good faith and fair dealing during this three-day period. The undisputed facts show that Plaintiff's claims accrued long before this three-day period and that by 2015, Plaintiff was aware of the claims it now raises. The continuing violation doctrine does not apply. Accordingly, the Court grants the City's Motion as to Plaintiff's first and second causes of action.

Similarly, Plaintiff's third and fourth causes of action, for discrimination and equal protection, respectively, are barred by the applicable statute of limitations. The applicable statute of limitations for these claims is two years. *See Goodman v. Lukens Steel Co*. 482 U.S. 656, 660 (1987); Cal. Civ. Proc. § 335.1. This action was filed in January 2023, and as described above, the undisputed facts establish that Plaintiff's claims arose well before January 2021. Furthermore, Plaintiff cannot establish its claim against the City because the City cannot be held liable under a respondeat superior theory, and there is no allegation, much less any evidence, that the City Council, the City's final policymaker was responsible any unconstitutional conduct. Additionally, there is no evidence that any City employee acted in a discriminatory manner or denied Plaintiff its equal protection rights. Accordingly, the Court grants the City's motion as to Plaintiff's third and fourth causes of action. Plaintiff's fifth cause of action was dismissed on September 12, 2025. Dkt. No. 76.

1
2
3   Dated:
4                                                                    _____
                                                                     JUDGE MAXINE M. CHESNEY
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28